JOHN L. NOFSINGER, APPELLANT, V. ALFRED D. PAUP,
APPELLEE.

FILED SEPTEMBER 26, 1914.   No. 17,745.

Assault and Battery: SUFFICIENCY OF EVIDENCE. The evidence examined,
and *held* insufficient to sustain the verdict.

APPEAL from the district court for Boone county:
GEORGE H. THOMAS, JUDGE.   *Reversed.*

*A. E. Garten* and *William R. Patrick,* for appellant.

*Albert & Wagner* and *F. J. Mack, contra.*

HAMER, J.

The plaintiff brought suit in the district court for Boone
county, seeking to procure a judgment for damages be-
cause of an alleged assault at the hands of defendant, Al-
fred D. Paup.   The jury returned a verdict against the
plaintiff, and the defendant had judgment on the verdict.
From this judgment the plaintiff appeals.   The plaintiff
alleges that on or about the 24th day of May, 1911, in the
county of Boone, and state of Nebraska, the defendant un-
lawfully, wilfully and violently committed an assault upon
him, and struck, bruised, beat and ill treated him, and ma-
liciously and deliberately struck him in a brutal manner a
violent blow upon the head with a dangerous and deadly
weapon, to wit, a spade; that said blow was a violent blow
upon the head with the blade of the said spade, and in-
flicted a dangerous wound upon the plaintiff's head, being
about three inches in length, and of sufficient depth to
penetrate to the bone, and the wound permanently disfig-
ured and injured the plaintiff's scalp and the bones of
plaintiff's head; that, as a result of said blow, bruises and
wounds so made by the defendant upon the plaintiff, the
plaintiff was made sick and disabled, so that a blood clot
formed on the brain of plaintiff, and he was partially
paralyzed and was disabled as a result of said injuries;

that the plaintiff has suffered great pain and mental distress by reason of said injuries, and for a long time has been confined to his room and has been prevented from attending to his usual business; that the injury to plaintiff's head and brain is permanent, and that by reason thereof the plaintiff will continue to suffer great physical and mental distress for the rest of his life, and by reason thereof will be unable to attend to his usual business during the remainder of his life—all to the damage of the plaintiff in the sum of $10,000. The petition alleges that the plaintiff has been to $500 expense for the hire of physicians, surgeons and medical care and medicine. The prayer is for judgment for $11,500 and costs of this suit.

The defendant answered that the plaintiff, without any just cause or provocation, assaulted him, and would have greatly injured him if the defendant had not immediately defended himself; that in defending himself he unavoidably struck the plaintiff and somewhat injured him; that at the time of the striking by the defendant he had just cause to believe and did believe that he was in imminent danger of suffering great bodily harm from the plaintiff, and in defending himself used only such force as he deemed necessary to protect himself from the threatened injury, and if the plaintiff sustained any damage it was occasioned by his first assaulting the defendant. To this answer there was a reply, which is in substance a general denial.

The evidence tends to show that the defendant was the aggressor. He drove up behind the plaintiff and used the first objectionable language. He said: "What's biting you? What's biting you?" The plaintiff was driving a four-horse team along a very bad road, and was hauling a heavy load of wheat. The ground over which he was going was up-hill and very soft. He had a little 35-cent buggy whip in his hand. He had been using it for the purpose of keeping a slow horse abreast of the other horse. As the defendant came up he shortened the distance between them until they were only separated by about four feet. The defendant then had the spade in his hands. He had hold of the handle. According to plaintiff's testi-

mony defendant said: "I'll just kill you." Then defendant hit plaintiff on the head with the sharp edge of the spade. The plaintiff went, or was taken, to a doctor's office. The doctor sewed up the plaintiff's scalp. Plaintiff was cut on the head and had a lump over the left eye. He was also bruised on the jaw. His right hand was cut to the bone across the little finger. The evidence tends to show that ever since that time the plaintiff has been partially paralyzed, and that he has very little use of himself. He is also mentally affected. The blow with the spade seems to have inflicted a permanent injury. The doctor who testified found a cut three inches long and reaching down through the entire thickness of the scalp to the bone. He sewed up the wound on plaintiff's head, putting in five stitches. As a result of the injury the plaintiff's speech was broken and his articulation is bad. There was partial paralysis of the left leg and the left arm. He was in the first instance unable to pass his urine; later he was unable to retain it. The doctor testified that there was no probability of a recovery without trephining the skull with the object of removing any clot on the brain or any thickening of the membrane over the brain. The plaintiff's wife describes him as a strong and industrious man before he was struck with the spade; afterwards he was unable to do the easiest sort of work. He had become a physical wreck in mind and body.

Because the evidence is insufficient to sustain the verdict, the judgment of the court below is

REVERSED.

BARNES, ROSE and SEDGWICK, JJ., not sitting.